IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melissa Gail Clark, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:16-3571-RMG |
| vs. ) | |
| ) | |
| Nancy A. Berryhill, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on September 18, 2017 recommending that the decision of the Commissioner be reversed and remanded to the agency. (Dkt. No. 16). The Commissioner filed a response indicating that she did not intend to file objections to the R & R. (Dkt. No. 18). The Court adopts the R & R as the order of the Court and remands the matter to the agency for further administrative processing consistent with this opinion.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

Plaintiff applied for SSI on March 25, 2013, when she was 44 years of age. She alleged she was disabled because of a combination of physical and mental impairments. A hearing was conducted by an Administrative Law Judge (ALJ) on March 12, 2015. The ALJ found that Plaintiff suffered from a myriad of severe physical and mental impairments, including

degenerative disc disease, arthritis of the right knee, diabetes, obesity, affective disorder, and anxiety. Tr. 13. Despite these severe impairments, the ALJ found that Plaintiff retained the residual functional capacity to perform less than the full scope of light work. Among Plaintiff's limitations were a requirement that any position have a sit/stand option and that she must be able to use a hand-held assistive device, such as a cane, "to ambulate to the work station." Tr. 16.

Under the circumstances presented by Plaintiff's impairments, the Commissioner was required to obtain the opinion of a vocational expert to establish that there existed jobs in significant numbers in the national economy which Plaintiff could perform. At this stage of the sequential process, the burden is on the Commissioner to demonstrate the presence of such jobs in the national economy. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).

A vocational expert, Robert Brabum, was presented by the Commissioner to offer this essential evidence. The vocational expert was asked by the ALJ as part of a hypothetical question whether Plaintiff could perform light work with certain specific limitations, including the use of a hand-held assistive device. Tr. 70-71. This limitation was in recognition of the well-established fact that Plaintiff required the use of a cane, which had been prescribed by her treating physician. Tr. 53, 295, 316. The vocational expert responded that there were jobs in the national economy which Plaintiff could perform. Tr. 71-72. Plaintiff's counsel then asked the vocational expert if his opinion anticipated that the claimant would need the hand-held assistive device for balancing. Tr. 72. The vocational expert stated that he had not understood the Plaintiff would need to use the hand-held device for balancing, rather than simply to assist in ambulating to the work space. Mr. Brabum stated that if the Plaintiff needed a hand-held assistive device for balancing, "you're in essence taking one hand away from work up to four

hours in an eight-hour day" and the use of both hands is a "primary tool" for the type of unskilled work Plaintiff might be capable of performing. Tr. 73-74. Consequently, the vocational expert concluded that if Plaintiff required the use of a hand-held device, such as a cane, for balancing, there would be no jobs in the national economy for her to perform at the light level. Tr. 74.

The ALJ found Plaintiff had the residual functional capacity to perform light work despite the need for the use of a hand-held assistive device "to ambulate to the workstation." Tr. 16. As the Magistrate Judge noted, there is a significant amount of evidence in the record indicating that Plaintiff uses her cane for balancing. This includes the sworn testimony of Plaintiff that "I have a cane because it helps me to steady myself to be able to walk because I have fallen in the past," and the finding of a consulting medical examiner, Dr. Gordon Early, that Plaintiff "uses a cane for balance." Tr. 53, 316. Dr. Early also documented that Plaintiff had a "waddling gait with external rotation of either foot." Tr. 317. The record further shows that a treating physician of Plaintiff, Dr. Lance Miller, prescribed a cane for Plaintiff in April 2012 and diagnosed her with degenerative disc disease, chronic lower back pain, and arthritic knee pain. Tr. 295, 296, 325. These conditions were undoubtedly aggravated by Plaintiff's obesity. Dr. Miller documented in his office record in June 2012 that Plaintiff had fallen two weeks earlier and injured her knee. Tr. 304-05. In short, there is evidence in the record indicating that Plaintiff utilized a cane for balancing, making it is essential on remand for the ALJ to weigh all relevant evidence on this issue in light of the testimony of the vocational expert that if Plaintiff required a cane for balancing there would be no jobs in the national economy involving light work which she could perform.

The Magistrate Judge appropriately found that the failure of the ALJ to address the issue of whether Plaintiff used her cane for balancing constituted legal error and required reversal of the Commissioner's decision. Dkt. No. 16 at 10-11. The Court agrees and adopts the Magistrate Judge's R & R as the order of the Court.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the R & R as the order of the Court, **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the case to the agency for further action consistent with this order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
October 2, 2017